IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH GIDEON HANCOCK,

    Petitioner,                    No. CIV-S-02-2413 FCD KJM P

    vs.

ANTHONY P. KANE,

    Respondent.                 ORDER TO SHOW CAUSE

_____/

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. In his habeas application, petitioner asserts that there is insufficient evidence to support his conviction for assault with a firearm. Within the context of this argument, petitioner claims the California Court of Appeal did not have before it a particular transcript of extrajudicial statements made by Christopher Giles when it ruled on petitioner's insufficiency of evidence claim, even though the Court of Appeal indicated that the statements that appear in this transcript form the basis for petitioner's conviction for assault with a firearm. Pet'r's Mem. P. & A. at 25-31. Respondent has not responded to this claim at all. See Answer, Mem. P. & A. at 8-11.

/////

/////

1

Good cause appearing, IT IS HEREBY ORDERED that:

1. Within fifteen days, respondent shall respond to petitioner's claim, that the Court of Appeal did not have before it the transcript of extrajudicial statements made by Christopher Giles, as set forth by petitioner in pages 25-31 of the points and authorities submitted in support of his habeas petition. Respondent shall indicate whether the transcript was in fact presented to the Court of Appeal and, if it was not, respond to petitioner's argument that failure to include the transcript on appeal entitles petitioner to habeas relief.

2. Counsel for respondent show cause within fifteen days why sanctions (other than waiver) should not be imposed for counsel's failure to respond to petitioner's argument in respondent's answer.

DATED:  December 29, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] hanc2413.osc